UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CHAZ TAYLOR,                        :
                                    :
     Plaintiff,                     :
                                    :
     v.                             :     CASE NO. 3:10CV0319(RNC)
                                    :
ALCOHOL & DRUG RECOVERY             :
CENTER, INC.,                       :
                                    :
     Defendant.                     :


RECOMMENDED RULING ON MOTION TO DISMISS

The plaintiff, Chaz Taylor, brings this action pro se against the defendant, Alcohol & Drug Recovery Centers, Inc., alleging that the defendant discriminated and retaliated against him in violation of Title VII. Pending before the court is the defendant's Motion to Dismiss (doc. #16). For the reasons set forth below, the court recommends that the defendant's motion be granted.

I.  Factual Background

For purposes of this motion, the court accepts all factual allegations in the amended complaint (doc. #9) as true. See Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). The plaintiff, formerly an employee of the defendant, alleges that the defendant subjected him to racial discrimination between September, 2008 and January, 2009. He also alleges that

he was fired in retaliation for giving a statement in support of his co-worker's formal complaint against the defendant to the Connecticut Commission on Human Rights & Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC"). (Doc. #9 at ¶¶ 3-13.)

The plaintiff filed a complaint with the CHRO and the EEOC regarding these allegations. Following a merit assessment review, the CHRO dismissed the complaint. (Doc. #16-2 at 7). The EEOC subsequently adopted the CHRO's findings and dismissed the complaint. On November 12, 2009, it issued a right-to-sue letter to the plaintiff informing him that any lawsuit under Title VII pertaining to the allegations must be filed within ninety days of the receipt of the letter. (Am. Compl., doc. #9 at 12.) On February 19, 2010, ninety-nine days later, the Clerk of the Court received the plaintiff's complaint and marked it with a date stamp to show that it was received. (Compl., doc. #2 at 1.) The Clerk of the Court did not accept the complaint for filing and, therefore, did not enter it on the docket. The plaintiff explains that the document was returned to him because of defects in his fee waiver application and that he resubmitted the complaint after correcting the defects.

On March 3, 2010, 111 days after the right-to-sue letter was issued, the plaintiff properly filed his complaint claiming race discrimination and retaliation in violation of Title VII.

2

(Compl., doc. #2 at ¶¶ 20, 22; Am. Compl, doc. #9 at ¶¶ 17, 19.) This court granted his motion for leave to proceed in forma pauperis (doc. #5) but also recommended that his complaint be dismissed without prejudice with leave to file an amended complaint. (Doc. #8.) Judge Chatigny adopted the recommendation on June 9, 2010. (Doc. #8). The plaintiff filed his amended complaint on June 15, 2010. (Doc. #9.)

II. Discussion

A. Standard of Review

The defendant moves to dismiss the plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that he failed to file his complaint within the ninety-day statutory limitation provided in 42 U.S.C. § 2000e-5(f)(1) of Title VII.[1]

---

[1] The defendant also moves to dismiss the plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4) and 12(b)(5) on the ground that the plaintiff failed to serve his amended complaint within 120 days of filing as required by Fed. R. Civ. P. 4(m). The plaintiff, however, has demonstrated that there was good cause for the delay. "In determining whether a plaintiff has shown good cause, courts weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." DeLuca v. AccessIT Group, Inc., 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010). With respect to "reasonable efforts," the Second Circuit has instructed that a person acting pro se with in forma pauperis status is entitled to rely on service by the U.S. Marshal so long as he provides the information necessary to identify the defendant. See Ruddock v. Reno, 104 Fed. Appx. 204, 206-207 (2d Cir. 2004). Here, the record reflects that the U.S. Marshal Service represented that it had not timely served the complaint because it did not receive the paperwork from the Clerk of the Court. The plaintiff then directed the Clerk to send the paperwork a second time. Because the plaintiff reasonably relied on the

3

Under Title VII, the statutory filing deadline is analogous to a statute of limitations. See Briones v. Runyon, 101 F.3d 287, 290 (2d Cir. 1996). A statute of limitations defense may be raised by a motion to dismiss under Rule 12(b)(6) where the defect appears on the face of the complaint. See Staehr v. Hartford Financial Services Group, Inc., 547 F.3d 406, 425 (2d Cir. 2008).

In ruling on a motion to dismiss under Rule 12(b)(6), the court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 191 (2d Cir. 2007). This includes documents "upon which [the plaintiff] solely relies and which [are] integral to the complaint." Holowecki v. Fed. Express Corp., 440 F.3d 558, 565-66 (2d Cir. 2006) (in Title VII case, proper to consider plaintiff's EEOC filings although not attached to complaint). The court may dismiss a claim under Rule 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

U.S. Marshal and because there is no indication that the
defendant was prejudiced by being served five days late, there
was good cause for the untimely service of process.

Where the plaintiff is proceeding pro se, his submissions "must be held to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 10 n.7 (1980) (internal citations and quotation marks omitted). They "must be read liberally and interpreted to raise the strongest arguments that they suggest." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996). If a liberal reading of the complaint gives any indication that a valid claim might be stated, the court must grant the plaintiff leave to amend the complaint rather than dismissing it. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000).

B. Equitable Tolling

A claim under Title VII must be filed within ninety days of a claimant's receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). "Absent sufficient evidence to the contrary, it is presumed that a plaintiff received his or her right to sue letter three days after its mailing." Johnson v. St. Barnabas Nursing Home, 368 Fed. Appx. 246, 247 (2d Cir. 2010). In this case the EEOC issued the right-to-sue letter on November 12, 2009; thus, the ninety-day period expired on February 15, 2010.[2] The plaintiff first submitted his original complaint for filing on February 19, 2010, four days after the

---

[2]The statutory period ended on Saturday, February 13, 2010 and, thus, was extended until the following Monday pursuant to Fed. R. Civ. P. 6(a)(1)(C).

statutory deadline. The complaint was not filed until March 3, 2010.

Because his first submission of the complaint was rejected by the Clerk of the Court, the plaintiff argues that the statutory period should be equitably tolled. See Briones v. Runyon, 101 F.3d 287, 290 (2d Cir. 1996) (Title VII filing requirement is subject to waiver, estoppel, and equitable tolling). "[E]quitable tolling is only appropriate in . . . rare and exceptional circumstance[s] . . . in which a party is "prevented in some extraordinary way from exercising his rights." Zerilli-Edelglass v. New York City Transit Authority, 333 F.3d 74, 80 (2d Cir. 2003) (internal quotation marks and citation omitted). The court must consider whether the party seeking equitable tolling "(1) has 'acted with reasonable diligence during the time period she seeks to have tolled,' and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." Id. at 80-81.

Here, the Clerk of the Court received the defendant's first submission of the complaint four days after the statutory deadline; therefore, the complaint would have been untimely even if it had been accepted on the day it was first received. Although the plaintiff avers that he mailed the first submission on February 10, 2010, five days before the statutory deadline, and that mail is routinely delayed in his neighborhood because

6

it is "a high crime area," these vague and uncorroborated allegations are insufficient to demonstrate reasonable diligence. See Stephens v. Salvation Army, No. 04 Civ. 1697, 2006 WL 2788245 at *4-5 (S.D.N.Y. Sept. 26, 2006), aff'd, 313 Fed. Appx. 421 (2d Cir. 2009) (plaintiff's allegation that he was misinformed by an unidentified clerk that weekends and holidays do not count against the statutory period was insufficient to warrant equitable tolling).

The case law supports a conclusion that equitable tolling is not appropriate in this case. For example, equitable tolling was found to be unwarranted where the pro se plaintiff's discrimination complaint was untimely filed one day after the statutory deadline, despite the plaintiff's allegation that the Clerk of the Court gave him incorrect information on the ninetieth day. See Aljadir v. Univ. of Pennsylvania, 547 F. Supp. 667 (E.D. Pa. 1982); cf. Burnett v. New York Central R. Co., 380 U.S. 424, 85 S. Ct. 1050 (1965) (equitable tolling where plaintiff timely filed complaint in wrong court); Rosinski v. DRS EW & Network Systems, Inc., No. 08-CV-0005S, 2008 WL 5054222 (W.D.N.Y. Nov. 21, 2008) (equitable tolling where pro se plaintiff timely submitted complaint but with insufficient filing fee). Because the plaintiff did not act with reasonable diligence, equitable tolling is not appropriate in this case.

Therefore, the court recommends that the plaintiff's claims be dismissed as untimely.

IV. Conclusion

In light of the foregoing, the court recommends that the defendant's Motion to Dismiss be granted and that the plaintiff's complaint be dismissed in its entirety.

Any party may seek the district court's review of this recommendation.  See 28 U.S.C. § 636(b) (written objections to proposed findings and recommendations must be filed within fourteen days after service of same); Fed. R. Civ. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Thomas v. Arn, 474 U.S. 140, 155 (1985); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992).  Failure to timely object to a magistrate judge's report will preclude appellate review.  Small v. Sec'y of Health and Human Serv., 892 F.2d 15, 16 (2d Cir. 1989).

SO ORDERED at Hartford, Connecticut this 27th day of July, 2011.

          _____/s/_____
          Donna F. Martinez
          United States Magistrate Judge