```
                    UNITED STATE DISTRICT COURT
                     DISTRICT OF CONNECTICUT

CHAZ TAYLOR,                    :
     Plaintiff,                 :
v.                              :   Case No. 3:10-CV-319(RNC)
ALCOHOL & DRUG RECOVERY         :
CENTER, INC.,
     Defendant.                 :
```

## RULING AND ORDER

Plaintiff has filed an objection to the Magistrate Judge's recommended ruling that the defendant's motion to dismiss this action be granted.  For reasons that follow, the recommended ruling is approved and adopted over the plaintiff's objection.

Plaintiff, proceeding pro se, brings this action against his former employer alleging racial discrimination and retaliation in violation of Title VII.  On November 12, 2009, the EEOC issued a notice of rights to the plaintiff, informing him that he had 90 days from his receipt of the notice in which to file a complaint in court.  See 42 U.S.C. § 2000e-5(f)(1).  Plaintiff states that he received the notice on November 17, 2009.  Accepting his statement as true, the deadline for filing his complaint was February 15, 2010.  The Clerk received plaintiff's complaint by mail on February 19, 2010, outside the 90-day period.  The complaint was not accepted for filing due to defects in the fee waiver application.  Plaintiff subsequently corrected these

defects and his complaint was filed on March 3, 2010.

Defendant has moved to dismiss the action based on plaintiff's failure to file a complaint within the 90-day period provided by statute.  Judge Martinez has recommended that the motion to dismiss be granted.  In his objection to the recommended ruling, plaintiff asks the Court to apply equitable tolling on the ground that he undertook to file the complaint in a timely manner by placing it in a mailbox on February 10, 2010. He alleges that mail pickup and delivery in his neighborhood is subject to delays.  Alternatively, he asks for a hearing as to delays in mail service in his neighborhood.

As Judge Martinez's recommended ruling explains, equitable tolling may be applied only in "rare and exceptional circumstances."  Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).  To obtain equitable tolling, plaintiff must show that he was prevented from filing a timely complaint due to the fault of another.  See Stephens v. Salvation Army, No. 04 Civ. 1697, 2006 WL 2788245, at *4-5 (S.D.N.Y. Sept. 26, 2006).  I agree with Judge Martinez that plaintiff has not made this showing.

With regard to plaintiff's request for a hearing, I do not think a hearing on delays in mail service in plaintiff's neighborhood is warranted.  To obtain equitable tolling, it is not enough for plaintiff to show that others have experienced delays and complained to the Postal Service.  Rather, he must

offer evidence to corroborate his claim that he put the complaint in the mailbox on February 10, 2010, and the Postal Service failed to deliver it to the Clerk until nine days later. There is no indication that plaintiff has such corroborating evidence.

Plaintiff urges that his complaint should not be dismissed because his claims against the defendant are valid. There is a strong policy favoring adjudicating Title VII claims on the merits. When a complaint is filed outside the 90-day statutory period, however, the law requires that the action be dismissed unless equitable tolling applies. As discussed above, equitable tolling is restricted to "rare and exceptional circumstances." This stringent standard requires that the action be dismissed, even though it means plaintiff's claims are not adjudicated on the merits.

Accordingly, the recommended ruling is hereby approved and adopted and the action is dismissed.

So ordered this 13th day of September 2011.

                                        /s/ RNC
                                  Robert N. Chatigny
                         United States District Judge